UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

ARTHUR LEWIS LLOYD                                                      PLAINTIFF

v.                                          CIVIL ACTION NO. 4:11CV-P128-M

RON HERRINGTON et al.                                                 DEFENDANTS

MEMORANDUM OPINION

Plaintiff, Arthur Lewis Lloyd, filed a *pro se*, *in forma pauperis* complaint pursuant to 42

U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth

below, the action will be dismissed.

I. SUMMARY OF CLAIMS

Plaintiff, who is currently incarcerated at the LaRue County Detention Center, previously

was incarcerated at the Henderson County Detention Center (HCDC).  He sues in their

individual and official capacities HCDC Jailer Ron Herrington and HCDC mailroom clerk

Martha Royster.  Plaintiff states that on May 17, 2011, while incarcerated at HCDC, he sent a

motion to state court.  He states that ten days latter it was returned to him and that it had been cut

open and taped back together by Defendant Royster.  He states that the jailer, Defendant

Henderson allowed this to happen.  Plaintiff further states that on June 28, 2011, he received a

piece of legal mail from Frankfort, Kentucky, which was opened outside of his presence by the

mail room clerk, Defendant Royster.

II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327.  While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Claim regarding returned mail

The Court considers Plaintiff's claim that his outgoing motion was returned to him as a

claim for a violation of his right to access the courts.  It is well established that prisoners have a

constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

However, in order to state a viable claim for interference with his access to the courts, a plaintiff

must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v.*

*Knebl*, 168 F.3d 884, 886 (6th Cir. 1999).  "Thus, a prisoner's right to access the courts extends

to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v.*

*Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).  Moreover, the underlying action must have

asserted a non-frivolous claim. *Lewis*, 518 U.S. at 352-53; *accord Hadix v. Johnson*, 182 F.3d

400, 406 (6th Cir. 1999) (*Lewis* clarified actual injury to include requirement that action be

non-frivolous).

Further, the Supreme Court has held that "the underlying cause of action . . . is an

element that must be described in the complaint, just as much as allegations must describe the

official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The

*Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause

of action and its lost remedy must be addressed by allegations in the complaint sufficient to give

fair notice to a defendant." *Id.* at 416.

Plaintiff's allegations fail to show that he suffered actual injury to any pending or

contemplated litigation, or even what his state-court action concerned. Although he says that the

motion was returned to him, he does not allege that the apparent failure of the state court to

receive the motion prejudiced ongoing litigation in any way. This claim will be dismissed.

### Claim regarding opening incoming legal mail

Courts have ruled that the right of meaningful access to the courts is founded in the Due

Process or Equal Protection Clauses of the Fourteenth Amendment, the First Amendment right to

petition for redress or grievances, and even the Privileges and Immunities Clause. *John L. v.*

*Adams*, 969 F.2d 228, 231-32 (6th Cir. 1992). First Amendment issues are implicated when

restrictions are placed upon an inmate's correspondence. *United States v. Holloway,* 740 F.2d

1373, 1382 (6th Cir. 1984).

Plaintiff simply alleges that one piece of incoming legal mail was opened outside of his

presence. An isolated incident of interference with mail in a prison setting does not state a claim

that rises to the level of constitutional magnitude actionable under § 1983. *Davis v. Goord*, 320

F.3d 346, 351 (2nd Cir. 2003) (isolated occurrence of opening one piece of legal mail by prison

officials does not rise to a constitutional claim); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.

1990) (same); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir.1989); *see also  Johnson v.*

*Wilkinson*, No. 98-3866, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) (holding that a

prisoner's allegations about "random and isolated interference with [his] mail" did not rise to the

level of a First Amendment violation).

Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail – one of the outgoing motion and one of his incoming piece of legal mail - the Court still finds that the two incidences taken together do not rise to a constitutional violation. *See Musquez v. Sepulveda*, No. C 07-5966 VRW, 2008 WL 2811503, at *1 (N.D. Cal. July 17, 2008) ("[T]hese few instances of lost mail do not amount to more than isolated incidents insufficient to state a First Amendment claim of mail interference." (citing *Smith*, 899 F.2d at 944)).

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:




cc:     Plaintiff, *pro se*
        Defendants
4414.009